

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4522 | **DATE** | 7/10/2002 |
| **CASE TITLE** | Michael Dukes vs. Vel Mar Hotel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, we deny plaintiff's application to proceed in forma pauperis and dismiss his complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUL 1 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| ✓ | Docketing to mail notices. | | 15 | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 JUL 12 AM 10:27 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL DUKES, )
)
Plaintiff, )
)
vs. ) No. 02 C 4522
)
VEL MAR HOTEL, )
)
Defendant. )

DOCKETED
JUL 1 5 2002

MEMORANDUM OPINION AND ORDER

Plaintiff Michael Dukes brings this complaint against Vel Mar Hotel alleging violations of his civil rights. Along with his complaint, plaintiff has filed an application to proceed *in forma pauperis*. For the following reasons, plaintiff's application is denied and his complaint dismissed.

Under 28 U.S.C. § 1915(a) the court may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. The application here indicates that plaintiff is not employed, has minimal income, and has no savings. On these facts plaintiff has established his inability to pay the court fees.

The court's inquiry does not end with a finding of indigency, however. Under section 1915 we must conduct an initial review of plaintiff's claims and dismiss the action if we find that the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or plaintiff seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does not appear to be frivolous or malicious, and we find no immunity issues. Our only inquiry, then,

is whether petitioner has properly stated a claim. We apply the same standards as if this were an ordinary dismissal under Fed. R.Civ.P. 12(b)(6). Zimmerman v. Tribble, 266 F.3d 568, 571 (7th Cir. 2000).

Plaintiff brings this action as a civil rights violation. He states that he rented an apartment from defendant on May 8, 2002.. On May 28, 2002, plaintiff's water, as well as water in 25 other apartments, was allegedly shut off and has remained off ever since. Under these facts plaintiff has not stated a civil rights violation and we find no violation of federal law.

Plaintiff has successfully made a state claim, however. A warranty of habitability is implied in every oral and written residential lease. Jack Spring v. Little, 50 Ill.2d 351, 366, 280 N.E.2d 208, 217 (1972); Glasoe v. Trinkle, 107 Ill.2d 1, 479 N.E.2d 915 (1985). A landlord fulfills this warranty by complying with local building codes. Id. Tenants may enforce this warranty in affirmative law suits or in defense to eviction actions based on their non-payment of rent. Under the Chicago Residential Landlord and Tenant Ordinance a landlord must maintain hot and cold running water. See Ordinance Sections 5-12-070, 5-12-110. While hotels are generally exempted from the ordinance's provisions, they will fall under its scope if a dwelling unit has been occupied by a tenant for 32 or more continuous days and tenant pays a monthly rent. Section 5-12-020. Plaintiff has alleged that he has been living at the Vel Mar Hotel since May 8, 2002 and paid monthly rent. On these facts plaintiff has stated a violation of a local housing ordinance. This claim is one which is more properly brought in state court.

Accordingly, we deny plaintiff's application to proceed *in forma pauperis* and dismiss his complaint.

						_____
						JAMES B. MORAN
						Senior Judge, U. S. District Court

_____July 10_____, 2002.